# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# EASTERN DIVISION

PETER V. SOUMPHONPHAKDY,

    Plaintiff,

v.

ASPIRE FEDERAL CREDIT UNION
and EQUIFAX INFORMATION
SERVICES LLC,

    Defendants.

Case No. 2:20-cv-00507

## COMPLAINT

NOW COMES PETER V. SOUMPHONPHAKDY, through undersigned counsel, complaining of ASPIRE FEDERAL CREDIT UNION and EQUIFAX INFORMATION SERVICES LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff is seeking damages for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. PETER V. SOUMPHONPHAKDY ("Plaintiff") is a natural person, who at all times relevant resided in Greenfield, Wisconsin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

1

7. ASPIRE FEDERAL CREDIT UNION ("Aspire FCU") is a not-for-profit financial cooperative.

8. Aspire FCU has its principal place of business at 67 Walnut Avenue, Suite 401, Clark, New Jersey 07066.

9. Aspire FCU is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

10. EQUIFAX INFORMATION SERVICES LLC ('Equifax") is a limited liability company organized under the laws of Georgia.

11. Equifax has its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309

12. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

14. On May 12, 2015, Plaintiff purchased a 2010 NISSAN Murano (the "Vehicle"), financing it through a closed-end note ("the Loan") with Aspire FCU.

15. This Loan is secured by an interest in the Vehicle.

16. On April 16, 2017, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

17. On May 22, 2017, Aspire FCU filed a proof of claim (Claim 7-1).

18. In its proof of claim, Aspire FCU stated that it held a secured claim for $15,092.79.

19. The confirmed Chapter 13 Plan, dated April 16, 2017 (the "Confirmed Plan"), provided:

> **6. Secured Claims.** The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under

non-bankruptcy law or discharge under Section 1328.  The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.

**(A).** **Claims Secured by Personal Property.**

☐ If checked, The Debtor does not have claims secured by personal property which debtor intends to retain.  Skip to 6(b)

■ If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(ii). **Post confirmation payments.**  Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

(a) **Secured Claims – Full Payment of Debt Required.**

☐ If checked, the Debtor has no secured claims which require full payment of the underlying debt.  Skip to (b).

■ If checked, the Debtor has secured claims which require full payment of the underlying debt.  Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; **OR**, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See 1325(a)(5).  After confirmation the Trustee will pay the monthly payment in column (f).

| | |
|---|---|
| (a) Creditor | **Aspire FCU** |
| (b) Collateral | **2010 Nissan Murano** |
| (c) Purchase Date | **5/15** |
| (d) Claim Amount | **$15,778.00** |
| (e) Interest Rate | **5.00%** |
| (f) Estimated Monthly Payment | **Pro rata** |
| (g) Estimated Total Paid Through Plan | **$17,958.27** |

20. Through February 24, 2020, Chapter 13 Trustee, Scott Lieske made $8,721.37 in disbursements to Aspire FCU on Claim 7-1.

## Credit Reporting Issues

21. Plaintiff obtained an Equifax Credit Report.

22. Despite having received payments through Plaintiff's Chapter 13 Plan, Aspire FCU wrongly reported to Equifax:

- Plaintiff's "Account Status" as "*Closed*"
- Plaintiff's "Balance Amount" as "*$0*"
- Plaintiff's "Date of Last Payment" as "*Jul 01, 2019*"

23. On November 26, 2019 Plaintiff mailed a credit dispute letter to Equifax by Certified Mail®.

24. Plaintiff's credit dispute letter voiced Plaintiff's concerns and requested Equifax review and correct Aspire FCU's inaccurate/incomplete reporting.

25. Equifax received and promptly notified Aspire FCU of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

26. Plaintiff *did not* receive dispute results.

27. However, on February 1, 2020, Plaintiff obtained another Equifax Credit Report.

28. Aspire FCU's incomplete reporting continued.

29. Specifically, Plaintiff's Equifax Credit Report stated, in part:
- Plaintiff's "Account Status" as "*Closed*"
- Plaintiff's "Balance Amount" as "*$0*"
- Plaintiff's "Date of Last Payment" as "*Dec 01, 2019*"

**Damages**

30. To date, Aspire FCU continues to transmit *incomplete* information pertaining to Plaintiff's Loan to Equifax.

31. Incomplete reporting of Plaintiff's Aspire FCU Loan produces a materially misleading impression that Plaintiff has not maintained payments to Aspire FCU since in spite of Aspire FCU's continued acceptance of monthly payments from Chapter 13 Trustee.

4

32. Accordingly, Plaintiff continues to be harmed by Defendants' incomplete reporting of Plaintiff's Loan.

33. Defendants' incomplete credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

34. Defendants' incomplete credit reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

35. As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's Loan *accurately and completely*.

## CLAIMS FOR RELIEF

### Count I:
### Aspire FCU's violation(s) of 15 U.S.C. § 1681 *et seq.*

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**Aspire FCU's failure to conduct an investigation**

38. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) Conduct an investigation with respect to the disputed information;
>
> (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) Modify that item of information;

(ii) Delete that item of information; or

(iii) Permanently block the reporting of that item of information.

39. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Aspire FCU received Plaintiff's credit dispute letter from Equifax.

40. Aspire FCU violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

41. Aspire FCU violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

42. Had Aspire FCU conducted a reasonable investigation, Aspire FCU would have discovered that Plaintiff's Loan remained open.

43. Had Aspire FCU conducted a reasonable investigation, Aspire FCU would have discovered they were receiving Chapter 13 Trustee disbursements.

44. Aspire FCU violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

6

45. Aspire FCU violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

46. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

47. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

48. Aspire FCU's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Aspire FCU in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Aspire FCU's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## Count II:
## Equifax violation(s) of 15 U.S.C. § 1681 *et seq.*

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Equifax's failure to follow reasonable procedures

50. Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

51. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

52. Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

53. Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

### Equifax's failure to conduct a reasonable investigation

54. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

55. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

56. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to Aspire FCU before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

57. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

58. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

59. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(1) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

60. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

61. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Equifax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 30, 2020

Respectfully submitted,

**PETER V. SOUMPHONPHAKDY**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com