THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER V. SOUMPHONPHAKDY,

    Plaintiff,

v.                                  Case No. 2:20-cv-00507

ASPIRE FEDERAL CREDIT UNION and EQUIFAX
INFORMATION SERVICES LLC,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Aspire Federal Credit Union (hereinafter "Aspire"), by its attorneys, Niebler, Pyzyk, Carrig, Jelenchick & Hanley LLP, by Attorney James P. Riebe, as and for its Answer and Affirmative Defenses to Plaintiff's Complaint, hereby states as follows:

### NATURE OF THE ACTION

1.    Answering paragraph 1, Aspire admits that Plaintiff seeks damages for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 but denies that Plaintiff has valid claims pursuant thereto.

### JURISDICTION AND VENUE

2.    Admit that this Court has subject jurisdiction pursuant to 28 U.S.C. §1331 but denies that Plaintiff has valid claims pursuant thereto.

3.    Admit venue is proper but deny that Plaintiff has valid claims pursuant thereto.

### PARTIES

4.    Admit the allegations of paragraph 4.

5.      Admit the allegations of paragraph 5.

6.      Admit the allegations of paragraph 6.

7.      Admit the allegations of paragraph 7.

8.      Admit the allegations of paragraph 8.

9.      Paragraph 9 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

10.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

11.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

12.     Paragraph 12 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

13.     Paragraph 13 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

## FACTUAL ALLEGATIONS

14.     Admit the allegations of paragraph 14.

15.     Admit the allegations of paragraph 15.

16.     Admit the allegations of paragraph 16.

17.     Admit the allegations of paragraph 17.

18.     Admit the allegations of paragraph 18.

19.     Admit the allegations of paragraph 19.

20.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

21.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

22.     Aspire denies the allegations contained in paragraph 22 and puts Plaintiff to his strict proof thereon.

23.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

24.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

25.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

26.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

27.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

28.     Paragraph 28 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

29.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

30.     Aspire denies the allegations contained in paragraph 30 and puts Plaintiff to his strict proof thereon.

31.     Paragraph 31 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

32.     Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

33.     Paragraph 33 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

34.     Paragraph 34 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

35.     Paragraph 35 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

## CLAIMS FOR RELIEF

36.     Aspire incorporates and realleges its responses to paragraphs 1-35 above as though fully set forth herein.

37.     Paragraph 37 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

38.     Paragraph 38 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

39.	Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

40.	Aspire denies the allegations contained in paragraph 40 and puts Plaintiff to his strict proof thereon.

41.	Aspire denies the allegations contained in paragraph 41 and puts Plaintiff to his strict proof thereon.

42.	Paragraph 42 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire denies the allegations and puts Plaintiff to his strict proof thereon.

43.	Paragraph 43 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire denies the allegations and puts Plaintiff to his strict proof thereon.

44.	Aspire denies the allegations contained in paragraph 44 and puts Plaintiff to his strict proof thereon.

45.	Aspire denies the allegations contained in paragraph 45 and puts Plaintiff to his strict proof thereon.

46.	Paragraph 46 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

47.	Paragraph 47 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire lacks information

sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts Plaintiff to his strict proof thereon.

48.     Paragraph 48 contains a legal conclusion and no allegations of fact to which a response is required. To the extent a response may be deemed required, Aspire denies the allegations and puts Plaintiff to his strict proof thereon.

**Count II:**
**Equifax violation(s) of 15 U.S.C. §1681 *et seq*.**

49.     Aspire incorporates and realleges its responses to paragraphs 1-48 above as though fully set forth herein.

50-61.  The remaining allegations contained in paragraphs 50-61 are allegations directed toward Defendant Equifax to which Aspire lacks information sufficient to form a belief as to the truth of the allegations contained therein and to which no response by Aspire is required.

**AFFIRMATIVE DEFENSES**

As and for his Affirmative Defenses to Plaintiff's Complaint, Defendant Aspire Federal Credit Union hereby asserts the following:

1.     Plaintiff's Complaint fails to state a claim or cause of action upon which relief may be granted.

2.     Plaintiff has failed to mitigate his damages, if any.

3.     Any alleged damages suffered by Plaintiff were caused in whole or in part by the actions or inactions of said Plaintiff.

4.     Some or all of Plaintiff's claims against this answering Defendant are barred by the applicable statute of limitations.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, off-set, release, set-off, and/or accord and satisfaction.

6.     Plaintiff has sustained no damages or, if any, deminimus damages which are not actionable under the Federal or State laws alleged in plaintiff's Complaint.

7.     Defendant has at all times acted in good faith and has had reasonable grounds for believing that any alleged acts and omissions were not in violation of the FCRA or Wisconsin state law.

8.     The answering Defendant reserves the right to assert such other Affirmative Defenses as further discovery may reveal.

WHEREFORE, Defendant, Aspire Federal Credit Union, demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs and such other relief as the Court deems just and proper.

Dated this 1st day of June, 2020.

NIEBLER, PYZYK, CARRIG, JELENCHICK & HANLEY LLP
Attorneys for Defendant, Aspire Federal Credit Union

By:    */s/ James P. Riebe*
       James P. Riebe
       State Bar No. 1063674

P.O. ADDRESS:
Post Office Box 444
Menomonee Falls, WI 53052-0444
Phone: 262/251-5330
Fax: 262/251-1823
jriebe@nieblerpyzyk.com